UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Arthur Menaldi, Executor for the Estate of Thomas Menaldi, | CASE NO. 4:25 CV 595 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| v. | Memorandum of Opinion and Order |
| Norfolk Southern Railroad Company, | |
| Defendant. | |

**INTRODUCTION**

Arthur Menaldi filed this action *pro se* as the Executor of the Estate of his brother Thomas Menaldi against Norfolk Southern Railroad.  In the Complaint, Arthur Menaldi alleges his brother Thomas Menaldi visited East Palestine in early February 2023, shortly after the Norfolk Southern train derailment in that area.  Arthur Menaldi claims his brother developed an infection within days of his visit.  He died at his home in Big Bear City, California on August 12, 2024.  Arthur Menaldi contends that despite receiving medical treatment, doctors were unable to determine the cause of his brother's illness or how to treat it.  He believes his illness was linked to exposure to toxic chemicals released into the air from the derailment.  He does not assert any legal claims, nor does he specify the relief he is seeking.  He simply asks the Court to conduct a formal investigation into the cause of Thomas Menaldi's death.

1

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). For the reasons stated below, that Application is denied, and this action is dismissed without prejudice.

As an initial matter, it is not clear from the Complaint whether Arthur Menaldi was actually appointed by a probate court as the official executor of the Estate of Thomas Menaldi or whether he is bringing this action as Thomas Menaldi's next of kin. He has not produced or attached documentation demonstrating his appointment as executor from a probate court.

Assuming that Arthur Menaldi is the official executor appointed by a probate court, he cannot appear on behalf of the Estate of Thomas Menaldi as a *pro se* litigant. Federal law allows parties to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. This language imposes a barrier on *pro se* litigants wishing to appear on behalf of another person or entity, including a corporation, a partnership, a minor child, or an estate when the estate has beneficiaries or creditors other than the litigant. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015)(citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir.1997). Arthur Menaldi has not demonstrated that he is the only beneficiary of his brother's estate, and that the estate has no creditors. Because he is not an attorney licensed to practice law in the state of Ohio, Arthur Menaldi cannot represent the estate as a *pro se* litigant. *Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (noting that a non-lawyer may not represent an estate *pro se*) (citing *Shepherd v. Wellman*, 313 F.3d 963, 971 (6th Cir. 2002).

Furthermore, an estate cannot proceed *In Forma Pauperis*. Congress has authorized Courts to allow a person who demonstrates poverty by affidavit to proceed without the prepayment of fees. 28 U.S.C. § 1915(e). The United States Supreme Court clarified that

2

the word "person" as used in this statute applies only to natural persons, and not entities like corporations or estates. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 196 (1993). Because an estate is not a natural person, it may not proceed *in forma pauperis*. *See, e.g., In re Estate of Van Putten*, 553 F. App'x 328 (4th Cir. 2014) (unpublished) (citing *Rowland* and denying *in forma pauperis* status to executors who had applied and represented that the estate was without funds to pay the filing fee); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (citing *Rowland* in upholding district court's denial of *in forma pauperis* status to the estate); *Baugus v. Newsome*, No. 2:20-CV-4900, 2020 WL 8642099, at *2 (S.D. Ohio Sept. 24, 2020) (recognizing that a decedent's estate is not a "natural person" qualifying to proceed *in forma pauperis*).

**CONCLUSION**

Accordingly, this action is not properly before the Court and is dismissed. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 2, 2025

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE